IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01594-WJM-MEH

ZACHARIAS AARON BEY,

        Plaintiff,

v.

COLLEEN CLARK,
D. SWIFT, and
1ST CLASS TOWING,

        Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

        In this action brought pursuant to 28 U.S.C. § 1983, Plaintiff Zacharias Aaron Bey ("Bey")

proceeds pro se and asserts three claims for relief against the Defendants. The Honorable Colleen

Clark ("Clark") responded to the operative Amended Complaint seeking dismissal of claims against

her for Bey's failure to comply with Fed. R. Civ. P. 8 and, to the extent that a claim may be discerned

against the judge, based on absolute immunity.  Separately, Defendant 1st Class Towing ("1st Class")

responded seeking dismissal of the Plaintiff's complaint for insufficient service of process, lack of

jurisdiction, and Bey's failure to comply with Fed. R. Civ. P. 8.  First, the Court notes that, although

Bey informed the Court on November 13, 2017 that he would complete service of process on

Defendants D. Swift and 1st Class (ECF No. 23), he has failed to demonstrate any service on D. Swift

and, pursuant to Fed. R. Civ. P. 4(m), the Court recommends that Bey's claim against D. Swift be

dismissed.  In addition, the Court finds Judge Clark is entitled to absolute immunity and

recommends dismissing Bey's claim against her. Finally, the Court concludes 1st Class has failed to demonstrate dismissal is proper pursuant to Fed. R. Civ. P. 4(m), 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6), but has shown that Bey's service was insufficient. Based on the circumstances of this case, the Court respectfully recommends that the Honorable William J. Martinez quash Bey's service and permit Bey to re-serve 1st Class properly pursuant to Fed. R. Civ. P. 4(h).

## STATEMENT OF FACTS

The factual allegations set forth here and in the Amended Complaint are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Bey alleges that on March 25, 2017, he was traveling by car to work when an Arapahoe County deputy sheriff pulled him over. Bey presented his "national identification card, travel card, rights card, and proclamation" to the deputy, who did not read them. Deputies then handcuffed Bey "too tightly" and Bey asked to speak to a sergeant, who arrived, spoke with Bey briefly, then spoke with the deputies and left. One of the deputies removed the handcuffs, instructed Bey to sit on the curb, then searched Bey's vehicle.

At the deputies' request, Defendant 1st Class arrived and towed Bey's vehicle away, despite Bey's statement to the driver that his "conveyance cannot be search[ed] or seize[d]." Bey was not able to retrieve the vehicle until March 31, 2017 and, as a result, missed work.

On April 17, 2017, Bey appeared before Judge Clark on the traffic citation he received, "stated to the judge [his] nationality, and challenged her jurisdiction." Bey alleges his "request was not met" and he "lost a job due to making special appearances in court." He also seeks that the traffic citation be "discharged."

## <u>LEGAL STANDARDS</u>

I.      **Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). A Rule 12(b)(1) motion to dismiss must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). Accordingly, Plaintiff here bears the burden of establishing that the Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56

motion.

*Id.* at 1002–03 (citations omitted).  The present motion launches a factual attack on this Court's subject matter jurisdiction; therefore, the Court will not accept the truthfulness of the factual allegations for its Rule 12(b)(1) analysis.

## II.     Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis.  First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  *Id.* at 678–80.  Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).  Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a

complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## III.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

At the outset, the Court notes that the Amended Complaint (ECF No. 4) is vague in certain respects, particularly in describing the traffic stop and the deputies' conduct in the "First Claim for Relief," but alleging no claims against the Arapahoe County deputies or sergeant. Thus, the Court initially finds that Bey fails to state any claim under his First Claim for Relief and, to the extent he seeks relief based on the deputies' conduct, recommends that such claim be dismissed. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("the complaint [must] make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her").

In addition, Bey does not articulate any particular legal claim, but the Court has liberally construed his pleading as raising claims pursuant to 42 U.S.C. § 1983 (*see* ECF No. 1), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

The Court will address each argument by the separate Defendants in the order raised.

6

## I.      Clark's Motion to Dismiss

Judge Clark asserts that Bey fails to comply with Fed. R. Civ. P. 8 sufficient to put the judge on notice of the claim against her and, alternatively, Judge Clark invokes absolute judicial immunity for any claim Bey may have concerning his appearance before her.

While Clark may be correct that the allegations in the Amended Complaint are vague as to any claim against her, Bey confirms in his response to Clark's motion that he seeks relief for the judge's failure to respond to his challenge to her jurisdiction. Resp. 3. Bey states that he was denied due process as the result of such failure and seeks "$75,000 for damages due to losing his job and his Domicile."[1] *Id.*

The Court finds Judge Clark absolutely immune to Bey's claim and recommends that his third claim for relief be dismissed. "Judges enjoy absolute immunity from civil liability for judicial acts, unless such action is in clear absence of all jurisdiction." *Carrillo v. Wieland*, No. 12-cv-02680-WJM, 2012 WL 12893424, at *1 (D. Colo. Oct. 15, 2012) (citing *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)); *see also Kramer v. Vigil*, No. No. 13-cv-00142-PAB, 2013 WL 2285076, at *1 (D. Colo. May 22, 2013) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)) ("It is well established that judges are absolutely immune from suit when engaged in the 'paradigmatic judicial acts' of 'resolving disputes between parties who have invoked the jurisdiction of a court.'"). "The Supreme Court has advanced a definition for judicial immunity based on the 'functions it protects

---

[1]Clark attaches a copy of the "motion to dismiss and quash outstanding warrant" apparently filed in Bey's criminal matter, which Judge Clark granted on August 2, 2017, just weeks after Bey filed the operative Amended Complaint. ECF No. 17-1. Because Judge Clark's order refers to the criminal matter referenced in the Amended Complaint and is central to Bey's claim, I need not convert the motion to dismiss to a motion for summary judgment. *O'Hayre v. Bd. of Educ. for Jefferson Cty. Sch. Dist. R-1*, 109 F. Supp. 2d 1284, 1288 (D. Colo. 2000).

and serves,' rather than based on the person to whom it attaches." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1294 (D. Colo. 2009). Thus, "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they deal with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356–57. To illustrate the difference between acting in excess of jurisdiction and acting without jurisdiction, the Supreme Court has offered the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Kramer*, 2013 WL 2285076, at *1-*2 (quoting *Stump*, 435 U.S. at 357 n.7).

Taking Bey's allegations as true that Judge Clark failed to respond to his "challenge" to her jurisdiction when he appeared before her on the traffic citation, the Court finds Judge Clark was performing a function normally performed by a judge, and Bey was interacting with her in her role as a judge. *See Stump*, 435 U.S. at 362. Bey proffers no persuasive argument that Judge Clark's failure to reveal her "status" rendered her without jurisdiction to hear Bey's criminal matter. Accordingly, Judge Clark is immune from individual liability in this matter, even for any actions that may have been taken in error or with malice. *See id.* at 356–57.

## II.    1st Class Towing's Motion to Dismiss

1st Class seeks to dismiss Bey's complaint arguing that Bey failed to serve any "human being" affiliated with the company, and the documents left at the location did not include a Summons; even if Bey had properly served the Amended Complaint, such service was untimely pursuant to Fed. R. Civ. P. 4(m); the Court lacks jurisdiction to hear Bey's claim because Bey has failed to demonstrate diversity jurisdiction; the Amended Complaint fails to comply with Fed. R. Civ. P. 8; and, 1st Class is not a governmental entity against which Bey may bring constitutional claims.

First, the Court rejects 1st Class' jurisdictional challenge; as stated above, the Court construed Bey's complaint as alleging constitutional claims pursuant to 28 U.S.C. § 1983, which confers on the Court federal question jurisdiction. *See* ECF No. 1. Notably, the case was classified at the outset as invoking the Court's federal question jurisdiction. *See* Case Management/Electronic Case Filing docket sheet for 17-cv-01594-WJM-MEH.

Second, the Court rejects 1st Class' argument that service of process on November 14, 2017 was "late" pursuant to Fed. R. Civ. P. 4(m). A cursory review of the docket sheet in this case reflects that the case underwent initial review pursuant to 28 U.S.C. § 1915A until it was finally drawn to Judge Martinez and the undersigned on September 11, 2017. ECF No. 8. The Court finds that any service made on November 14, 2017 in this case was timely pursuant to Rule 4(m).

Third, the Court rejects 1st Class' argument that it is not a governmental agency and, thus, not subject to liability for constitutional claims. A private citizen "can be held liable under § 1983 only if [it] was a 'willful participant in joint action with the State or its agents.'" *Beedle v. Wilson*, 422 F.3d 1059, 1071 (10th Cir. 2005) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). To

establish this "joint action," the plaintiff may allege either that: (1) state actors and private citizens "share[d] a common, unconstitutional goal"; or (2) that "there [was] a substantial degree of cooperative action between state and private officials" or "overt and significant state participation." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1157 (10th Cir. 2016) (internal quotation marks omitted).

Bey's allegations, taken as true, reflect that Arapahoe County "seized" his vehicle by engaging 1st Class to tow the vehicle away from Bey, who was unable to retrieve the vehicle until several days later. Bey also confirms in his response brief that he seeks repayment of $686.00, which he paid to have his vehicle towed to his home. Resp. 3. Construing these allegations liberally as I must, I find they constitute a "short and plain statement of the claims showing that the pleader is entitled to relief" pursuant to Fed. R. Civ. P. 8(a) and are sufficient to place 1st Class on notice of a possible claims under the Fourth and/or Fourteenth Amendments. *Cf. Longmoor v. Nilsen*, 312 F. Supp. 2d 352, 360 (D. Conn. 2004) (tow truck driver was not subject to liability for plaintiff's constitutional claims where police did not direct driver to tow the vehicle, but merely leant their presence as a peacekeeping measure). Whether 1st Class actually "joined" with Arapahoe County in seizing Bey's vehicle (i.e., acted under color of state law) and whether such conduct, if true, violates the Fourth Amendment are issues that may not be resolved here at this early stage of the litigation and without further information.

Finally, 1st Class challenges Bey's service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) arguing that the Amended Complaint was not served on a "human being" as required by Fed. R. Civ. P. 4 and the summons attached to the documents left at the location did not bear the Court's seal or the Clerk's signature.

"Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. United States*, 198 F.3d 260, 1999 WL 987355, at *1 (10th Cir. Nov. 1, 1999) (citing Fed. R. Civ. P. 12(b)(4), 12(b)(5)). "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (citation omitted). Here, 1st Class demonstrates that the summons is incomplete. *See* ECF No. 28-1.

A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Meyers v. Pfizer, Inc.*, No. 13–cv–01508–WJM–CBS, 2014 WL 1598723, at *2 (D. Colo. April 21, 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3d § 1353). "Effectuation of service is a precondition to suit...." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the Court lacks personal jurisdiction over the defendant. *See Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008).

When opposing a motion to dismiss for insufficient service of process, a "plaintiff bears the burden of making a prima facie case that [he or she] has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Props. & Const., Inc.*, No. 07–cv–00214–LTB–CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *Dittimus v. Bond*, No. 12–cv–03010–MSK–KMT, 2013 WL 4496432, at *2 (D. Colo. Aug. 22, 2013) (quoting *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394,

1398 (7th Cir. 1993)).  "The parties may submit affidavits and other documentary evidence for the Court's consideration, and [a] [p]laintiff is entitled to the benefit of any factual doubt." *Fisher*, 531 F. Supp. 2d at 1260.  A "[p]laintiff must demonstrate that the procedure employed by [him or her] to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Meyers*, 2014 WL 1598723 at *2.

For purposes of this analysis and based on the content of the motion, the Court assumes that service on 1st Class is governed by Fed. R. Civ. P. 4(h), which states the requirements for effective service of process on a corporation.  Rule 4(h) provides that in the absence of an exception provided by federal law or the defendant's waiver, a corporation must be served:

> (1) in a judicial district of the Untied States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process ....

Fed. R. Civ. P. 4(h)(1).  In turn, Rule 4(e) states that, in the absence of an exception provided by federal law or the defendant's waiver, an individual who is competent and a non-minor may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Colorado state law also provides the following permissible means of service:

Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof ... at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent ....

Colo. R. Civ. P. 4(e)(1).[2]

Bey does not respond in any meaningful way to 1st Class' argument concerning insufficiency of service. *See* Resp., ECF No. 34. On November 28, 2017, Bey filed a "proof of service" for 1st Class, but the document reflects only that "Tazarna Bey" "personally served the summons on . . . 1st Class Towing." ECF No. 26 at 1. The process server did not identify an individual on whom she served the summons and complaint, as indicated on the proof of service form and as required by Fed. R. Civ. P. 4(h). *See id.* Moreover, 1st Class has demonstrated that the summons apparently attached to the Amended Complaint and left at 1st Class' business location is incomplete, as it was not executed by the Clerk of this Court. ECF No. 28-1. Accordingly, the Court is persuaded that service on 1st Class was insufficient.

1st Class asks the Court to dismiss the case because of this defect. However, dismissal here

---

[2]Although Bey identifies "D. Swift" as a Defendant against whom he brings § 1983 claims, Bey has failed to demonstrate service of the summons and complaint on D. Swift. Bey filed a "proof of service" executed by "Tazarna Bey," which reflects that the process server gave the "paperwork" to an individual named "Eric C. Blakely," who "tried to charge [her] to serve D. Swift." ECF No. 26 at 2. When Blakely "tried to give [the paperwork] back to [her], [she] told him [she] can't accept them back, have a good day." *Id.* The Court finds this service is insufficient under Fed. R. Civ. P. 4(e); Bey fails to identify Blakely and whether he was authorized to accept service for D. Swift pursuant to Rule 4(e). Thus, Bey has failed to serve D. Swift in a timely manner pursuant to Fed. R. Civ. P. 4(m), and the Court respectfully recommends that Judge Martinez dismiss D. Swift without prejudice or order that D. Swift be re-served within a specified time.

is not warranted. "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). The Court has broad discretion to quash defective service and retain the case, especially where the Court may reasonably conclude that the plaintiff will ultimately be able to serve the defendant properly. *See Barksdale v. Connaghan*, No. 10–cv–02941, 2011 WL 3664382, at *3 (D. Colo. July 28, 2011). Dismissal in such a case "would be without prejudice and would probably lead to the reinstitution of the suit[,] thereby needlessly burdening [the plaintiff] with additional expense and delay while postponing the adjudication of the controversy's merits." *Montgomery, Zukerman, Davis, Inc. v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988) (alterations in original omitted); *Miree v. United States*, 490 F. Supp. 768, 776 (N.D. Ga.1980) (finding that a case should not be dismissed for insufficient service unless the defendant has been seriously prejudiced as a result of the mistake or of the delay in fixing it).

In this case, 1st Class has had actual notice of the suit and has not demonstrated any prejudice resulting from ineffective service. Thus, it would be appropriate here for the Court to quash service, but to retain the case and grant Bey an opportunity to re-serve 1st Class in a manner comporting with Rule 4(e) and Rule 4(h). Rule 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Pursuant to Rule 4(m), district courts have the discretion to extend the time for service beyond 90 days, regardless of whether a plaintiff may show good cause for untimely service. *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995). In this case, Bey filed the Amended Complaint

on July 18, 2017 (ECF No. 4), but the case was not drawn to a district judge until September 11, 2017. The 90–day deadline for service expired on December 10, 2017.

Under these circumstances, the Court respectfully recommends Judge Martinez find that, while Bey's service of process was insufficient in this case, dismissal is not warranted and Bey, who is proceeding pro se in this litigation, should be permitted to re-serve 1st Class. In addition, the Court recommends that Judge Martinez grant Bey an additional 20 days after Judge Martinez's final order on 1st Class' motion to allow Plaintiff to properly effectuate service on 1st Class.

## CONCLUSION

The Court finds that Bey has failed to demonstrate service of process on Defendant D. Swift and, thus, recommends that Judge Martinez dismiss D. Swift without prejudice or order that Bey attempt to re-serve D. Swift pursuant to Fed. R. Civ. P. 4(m). Also, even construing his pleading liberally, the Court finds Bey fails to state a short and plain statement demonstrating he is entitled to relief for his "First Claim for Relief" and recommends that Judge Martinez dismiss the claim. Further, the Court finds Judge Clark has demonstrated she is entitled to absolute immunity from liability for Bey's claim against her and recommends that Judge Martinez dismiss Bey's Third Claim for Relief. Finally, the Court finds 1st Class Towing has failed to show that dismissal is proper under Fed. R. Civ. P. 4(m), 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6), but concludes that Bey's service of process was insufficient; thus, the Court respectfully recommends that Judge Martinez quash the insufficient service and permit Bey to re-serve 1st Class Towing within 20 days after issuance of the final order on this matter.

Accordingly, the Court respectfully RECOMMENDS that Defendant Colleen Clark's Motion to Dismiss [filed October 20, 2017; ECF No. 17] be **granted** and 1st Class Towing's Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)(4)(5)(6) [sic] and Rule 4(m) [filed December 6, 2017; ECF No. 28] be **granted in part[3] and denied in part** as set forth herein.[4]

Respectfully submitted this 21st day of February, 2018, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3]The Court recommends granting the motion only to the extent that it seeks to quash Bey's service.

[4] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).