IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1594-WJM-MEH

ZACHARIAS AARON BEY,

    Plaintiff,

v.

COLLEEN CLARK,
D. SWIFT, and
1ST CLASS TOWING,

    Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING FEBRUARY 21, 2018 RECOMMENDATION OF MAGISTRATE JUDGE, GRANTING DEFENDANT CLARK'S MOTION TO DISMISS, AND GRANTING IN PART DEFENDANT 1ST CLASS TOWING'S MOTION TO DISMISS

This matter is before the Court on the February 21, 2018 Recommendation by U.S. Magistrate Judge Michael E. Hegarty (ECF No. 37) (the "Recommendation") that Defendant Judge Colleen Clark's Motion to Dismiss (ECF No. 17) be granted and that Defendant 1st Class Towing's Motion to Dismiss (ECF No. 28) be granted to the extent that it seeks to quash service and otherwise denied. The Recommendation also recommends that the Court *sua sponte* order proper service on Defendant D. Swift or dismiss any claim against Defendant D. Swift. Plaintiff Zacharias Aaron Bey filed objections to the Recommendation styled as "Plaintiff's Response to Recommendation of Michael E. Hegarty." (ECF No. 38.) For the following reasons, Plaintiff's objections to Judge Hegarty's Recommendation are overruled, and Judge Hegarty's Recommendation is affirmed and adopted in its entirety.

## I. LEGAL STANDARD

When a magistrate judge issues a recommended outcome on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court."). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

An objection to a recommendation is properly made if it is timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)); *Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review."). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the

matter to the magistrate judge with instructions." *2121 East 30th St.*, 73 F.3d at 1059.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff does not object to the recitation of facts set forth by the Judge Hegarty in the Recommendation. (ECF No. 37 at 2.) Accordingly, the Court adopts and incorporates the Statement of Facts as if set forth herein.

Briefly, Plaintiff alleges that on March 25, 2017, he was driving to work when he was pulled over by an Arapahoe County deputy sheriff. Plaintiff presented his "national identification card, [ ] travel card, [ ] rights card, and [ ] proclamation."[1] (ECF No. 4 at 4.) Deputies handcuffed Plaintiff for a time, then removed his handcuffs, and searched his vehicle. 1st Towing then towed Plaintiff's vehicle, which he recovered on March 31, 2017. In the meantime, Plaintiff was unable to attend work.

Plaintiff appeared before Arapahoe County Court Judge Colleen Clark (a Defendant in this matter) on the traffic citation he received and "challenged her jurisdiction." (*Id.* at 6.) Bey alleges that he lost his job due to making special appearances in court. He also seeks that the traffic citation from the stop be

---

[1] Plaintiff asserts that he is a Moorish National. (ECF No. 38 at 2.)

3

discharged.

### III. ANALYSIS

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 37 at 16 n.4.) When service is made by mail, three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d). Plaintiff served his objections by mail, and the Court received the objections on March 8, 2018, within the time period as extended by Rule 6(d). The Court will review Plaintiff's objections for each Defendant to determine if they are sufficiently specific to merit *de novo* review, and then apply the appropriate standard of review to Plaintiff's objections.

**A.  Defendant D. Swift**

The Recommendation recommends dismissing D. Swift as a Defendant for failure to demonstrate service of process on D. Swift or, alternatively, allowing Plaintiff to re-serve D. Swift. (ECF No. 37 at 15.) *See* Fed R. Civ. P. 4. Pursuant to Rule 4(m), a plaintiff must serve a defendant within 90 days of filing a complaint or the court may, "on its own after notice to the plaintiff," dismiss the action or order service be made within a specified time. *Id.*

Plaintiff objects, stating that D. Swift was "served twice," and that the person attempting to serve the papers followed instructions to "just leave the paperwork in the building" of the Sheriff's department. (ECF No. 38 at 4.) Because Plaintiff makes a specific objection to the Recommendation, the Court reviews the issue *de novo*.

Nothing in the record indicates that D. Swift has been served with the Complaint,

including the two proofs of service filed by Plaintiff. (ECF No. 15; ECF No. 26 at 2.) The first proof of service was returned unexecuted. (ECF No. 15.) The second proof of service fails to name an individual on whom the summons was served. (ECF No. 26 at 2.) *See* Fed. R. Civ. P. 4(e) (requiring service under state law or delivery of a summons to an individual or agent). Indeed, Plaintiff's stated reason for objecting confirms the lack of proper service; leaving paperwork on the floor of a building does not constitute proper service under Rule 4(e) or the Colorado Rules of Civil Procedure. (ECF No. 38 at 4.) *See* Fed. R. Civ. P. 4. In addition, the Complaint was filed on July 18, 2017. (ECF No. 4.) Plaintiff has had significantly more than 90 days to serve D. Swift. *See* Fed. R. Civ. P. 4(m). The Court finds that Plaintiff has failed to properly serve D. Swift, and thus orders that Plaintiff attempt to re-serve D. Swift pursuant to Rule 4(m). If Plaintiff fails to do so within 20 days of the date of this Order, the Court will dismiss D. Swift without prejudice under Rule 4(m).

**B.     Defendant Judge Clark**

The Recommendation construes Plaintiff's Complaint as a claim against Defendant Judge Clark under 42 U.S.C. § 1983. Plaintiff generally objects to the Recommendation, arguing that "[t]here should not be a dismissal under the grounds of Perjury of Oath, Arbitrary, Political Thieve, Racketeering, and Treason." (ECF No. 38 at 1–2.) Plaintiff also argues that Defendant Judge Clark had no jurisdiction over Plaintiff when he appeared before her in county court because he identifies as a Moorish National. (*Id.* at 2–4.)

No matter the cause of action against Defendant Judge Clark, judges are

immune from civil liability for actions in their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 363–364 (1978). Only when a judge acts "in the clear absence of jurisdiction," could he or she be liable for resulting actions. *Kramer v. Vigil*, 2013 WL 2285076 (D. Colo. May 22, 2013) (quoting *Stump*, 435 U.S. at 356–57). Here, Plaintiff alleges that Defendant Judge Clark failed to respond to his "challenge" to jurisdiction. However, from the record before the Court, Defendant Judge Clark performed the role of a judge and Plaintiff interacted with her as such. There is nothing to indicate that Defendant Judge Clark acted in any way outside her judicial capacity or in a clear absence of jurisdiction. Defendant Judge Clark is thus immune from individual liability in this matter. *See Stump*, 435 U.S. at 363–64. The Court thus overrules Plaintiff's objection and adopts the Recommendation that Defendant Judge Clark's Motion to Dismiss be granted.

**C.    1st Class Towing**

The Recommendation also construes Plaintiff's Complaint as stating a 42 U.S.C. § 1983 claim against 1st Class Towing. Plaintiff generally objects to the Recommendation, as before, arguing that "[t]here should not be a dismissal under the grounds of Perjury of Oath, Arbitrary, Political Thieve, Racketeering, and Treason." (ECF No. 38 at 1–2.) It is unclear if this argument is directed at 1st Class Towing. Plaintiff also objects to the Recommendation because an "Amended Complaint was served on a Corporation." (ECF No. 38 at 5.) However, Plaintiff does not specifically object to any portion of the Recommendation. Plaintiff's general objections to a Recommendation are not sufficient to trigger *de novo* review of the Recommendation.

*See Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007). The Court may thus review under a standard that it deems appropriate.

The Court has reviewed the Recommendation. The Court concludes that Judge Hegarty's analysis was thorough and sound, and that there is no clear error on the face of the record.

## IV. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. The Recommendation of United States Magistrate Judge (ECF No. 37) is ADOPTED in its entirety;

2. Plaintiff's Objection (ECF No. 38) to the Recommendation of United States Magistrate Judge is OVERRULED;

3. Defendant Judge Clark's Motion to Dismiss (ECF No. 17) is GRANTED and the claims against Judge Clark are DISMISSED with prejudice;

4. Defendant 1st Class Towing's Motion to Dismiss is GRANTED to the extent that Plaintiff's service on 1st Class Towing is QUASHED, and otherwise DENIED; and

5. Plaintiff must SERVE 1st Class Towing and D. Swift consistent with Rule 4 by **July 23, 2018** and FILE proof of service with the Court by **July 31, 2018**. If Plaintiff fails to file proof of service by **July 31, 2018**, the Court will dismiss the respective claim(s) without prejudice under Rule 4(m).

Dated this 3rd day of July, 2018.

BY THE COURT:

William J. Martínez
United States District Judge